FILED
2020 Nov-16 PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Defendant's Exhibit B

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THADDAEUS MYRICK, <br> NICHOLAS D. BRADEN, JESSIE POPEE, <br> and KENNETH L. FOUNTAIN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HOOVER, ALABAMA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:19-cv-01728-MHH <br> ) <br> ) <br> ) <br> ) |

## First Supplemental Declaration of Mike Lewis

1. My name is Mike Lewis. I am over 21 years old and am a resident of the State of Alabama. I am the Human Resources Director for the City of Hoover, Alabama. This declaration is given by me voluntarily and is based on my personal knowledge or knowledge from business records of the City of Hoover, Alabama.

2. Paid administrative leave in Hoover must be authorized by the employee's department head or administrator. Except for the reason of jury duty, it is not a type of leave that an employee may elect to take without getting approval or permission from the head or administrator of the employee's department. Hoover's policy manual provides that it is used for a variety of reasons that include job-related training, inclement weather, jury duty, voting, participating in City promotional examinations, attending a formal City hearing, participating as the

**Defendant's Exhibit B**

subject of a City investigative review, and attending court as a witness in cases not involving personal litigation.

3. The typical paid administrative leave is a short-term leave. One common reason is when an employee is excused from work because City offices are closed due to inclement weather or hazardous travel conditions, the employee will be considered to be on paid administrative leave. Periods of closure due to inclement weather or hazardous travel conditions rarely last more than a couple of days. Taking paid administrative leave for job-related training, voting, promotional examinations, attending City hearings, and attending court as a witness are all similarly short in duration.

4. I reviewed Hoover's internal records of police department employees who had paid administrative leave going back as far as 1994, there were only three employees who were on paid administrative leave for 120 or more consecutive days. Information on those leaves (but not the identities of the employees) was disclosed in "Defendant City of Hoover's First Supplemental Responses to Plaintiffs' Second Interrogatories to Defendant" (Doc. 13-8). While Hoover's previous discovery response said that "there may be other employees of the police department who had paid leaves of 120 or more consecutive days for non-military reasons that have not been identified," I have since determined that those disclosed

Defendant's Exhibit B

were the only ones with paid administrative leaves of 120 or more consecutive days for non-military reasons.

5. When an employee is placed on paid administrative leave for investigative review, it is a leave required or mandated by the City or the employee's department head. It is involuntary and not something done at the request of the employee or that the employee volunteers for. The reasoning behind paid administrative leave for an investigative review is to remove an employee from the workplace during an investigation, but because there has been no determination that the employee was involved in any wrongful conduct, the employee is not punished by denying him or her pay. To prevent unnecessary hardship on the employee, the employee is paid and treated for benefit purposes as if the employee were still working.

6. If you exclude the three unusual cases of paid administrative leave that were over 120 consecutive days, and exclude those employees with 35 or fewer hours of paid administrative leave (many of which are likely to include multiple days for inclement weather), there are 55 periods of paid administrative leave by police department employees that do not appear to be weather related. Of those 55, the average time on paid administrative leave for police department employees is 104 hours, or 13 eight-hour days.

7. While I have not determined the exact number of military leaves that exceed 120 days or the exact percentage of military leaves that exceed 120 days,

Defendant's Exhibit B

there are significantly more police department employees on military leaves that are 120 consecutive days or longer than there are employees on administrative leave with pay for 120 consecutive days or longer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 16th day of November, 2020.

_____
Mike Lewis

Defendant's Exhibit B